NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1089
_____

MATTHEW GRAB,
Appellant

v.

COLUMBIA BOROUGH, DBA Columbia Police Department;
SCOTT LAPP, in his individual capacity as a parole agent with
Pennsylvania Board of Probation & Parole; BRETT KEYSER,
in his official and individual capacity as a officer with Columbia
Police Department; JAMES JACOBS, in his official and individual
capacity as a sergeant with Columbia Police Department

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 5-20-cv-01815
District Judge: Honorable Edward G. Smith

_____

Submitted under Third Circuit L.A.R. 34.1(a)
December 15, 2022

Before: RESTREPO, McKEE, and SMITH, *Circuit Judges*

(Filed: February 21, 2023)

_____

OPINION[*]

_____

SMITH, *Circuit Judge.*

Matthew Grab was on probation for a Pennsylvania drug charge and was supervised by Pennsylvania Probation and Parole Agent Scott Lapp. Agent Lapp observed Grab participate in what appeared to be a drug transaction. Anticipating Grab's next move, Agent Lapp went to meet Grab at the home of the probationer's girlfriend. While driving to the woman's residence, Agent Lapp requested back-up from local law enforcement officers. Agent Lapp engaged Grab in conversation outside the home while waiting for backup to arrive. As the first local law enforcement officer approached, Lapp directed Grab to "cuff up." JA63, ¶ 23; JA71, ¶ 23. Grab refused, started to walk away, and then quickened his pace to "somewhere in between walking and . . . running." JA72, ¶ 29. But before Grab had covered much ground, Agent Lapp discharged his taser into Grab's back. Grab fell and sustained serious injuries.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Grab sued Agent Lapp, alleging, *inter alia*, that the discharge of the taser constituted excessive force in violation of the Fourth Amendment.[1] Grab also alleged that Agent Lapp was liable under state law for assault and battery.[2] Lapp moved for summary judgment. With regard to the excessive force claim involving the taser, the District Court concluded that Agent Lapp was "shielded by qualified immunity." JA13. Because there was no longer a federal claim before the District Court, the Court declined to exercise supplemental jurisdiction over Grab's remaining state law claims. This timely appeal followed.[3] We will affirm the judgment of the District Court.

On appeal, Grab challenges the grant of summary judgment as to his Fourth Amendment claim involving the taser.[4] He advances two arguments. First, Grab

---

[1] Grab also alleged that excessive force was used because someone wearing boots kicked him in the face. The District Court concluded this claim failed as a matter of law as Agent Lapp was not personally involved. There is support in the record for that conclusion. Moreover, Grab states that he is not challenging that ruling on appeal.

[2] Grab also sued several local law enforcement defendants. Grab voluntarily dismissed his claims against all of the local law enforcement defendants.

[3] The District Court exercised jurisdiction under 28 U.S.C. §§ 1331 and 1367. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a District Court's grant of summary judgment on qualified immunity grounds. *See Acierno v. Cloutier*, 40 F.3d 597, 609 (3d Cir. 1994) (en banc).

[4] Grab also asserts, in passing, a challenge to the District Court's decision not to entertain the state law claims. Because we will affirm the Court's determination that Agent Lapp is entitled to qualified immunity, we need not address the District Court's decision not to exercise jurisdiction over the state claims. *See* 28 U.S.C. § 1367(c)(3).

contends that the District Court erred in concluding that qualified immunity shielded Agent Lapp because Lapp used the taser in order to unlawfully handcuff Grab and Grab's "right not to be handcuffed was clearly established." Appellant's Brief 6. But Grab's excessive force claim—at least the version he advanced in the District Court—rests on being tased. Because the lawfulness of handcuffing Grab was not presented to the District Court,[5] we will not address it. *Simko v. U.S. Steel Corp.*, 992 F.3d 198, 205 (3d Cir. 2021) ("It is well-established that arguments raised for the first time on appeal are not properly preserved for appellate review.").

In Grab's second challenge to the District Court's conclusion that Agent Lapp was entitled to qualified immunity, he argues only that the use of the taser was constitutionally unreasonable. But the District Court did not resolve the first step in the qualified immunity analysis, concluding instead that the right was not "clearly established." *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (holding that the two-step procedure for analyzing a claim of qualified immunity, requiring an initial determination of whether there is a constitutional violation, is no longer mandatory). Yet Grab fails to provide any legal authority to establish that Agent Lapp, given the circumstances, was "on notice that his specific conduct was

---

[5] *See Grab v. Lapp*, No. 20-cv-1815-EGS, CM/ECF No. 59 (Memorandum of Law in Opposition to Motion for Summary Judgment) (E.D. Pa. May 17, 2021).

4

unlawful." *Rivas-Villegas v. Cortesluna*, 142 S. Ct. 4, 8 (2021). The "existing precedent," the Supreme Court has instructed, "must have placed the statutory or constitutional question beyond debate." *Id.* (quoting *White v. Pauly*, 580 U.S. 73, 79 (2017)).

Multiple factors inform whether excessive force was applied, including whether a suspect is "actively resisting arrest or attempting to evade arrest by flight." *Graham v. Conner*, 490 U.S. 386, 396 (1989). Those factors include Grab's probationary status, Agent Lapp's observation of what appeared to be a drug transaction, Grab's failure to comply with the directive to "cuff up," and Grab's immediate effort to avoid being seized. Under these circumstances, we cannot conclude that it is beyond debate that a reasonable probation agent would have been "on notice" that using his taser to stop Grab was unlawful. *Rivas-Villegas*, 142 S. Ct. at 8. Accordingly, we will not disturb the District Court's conclusion that Agent Lapp is entitled to qualified immunity.